## Foster et al. v. Goodpaster, Director of the Division of Insurance.

April 24, 1942.

Clay & Clay and Kelly J. Francis for appellants.

Hubert Meredith, Attorney General, and A. E. Funk, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

Appellants instituted this action to enjoin the appellee from enforcing an order made by him closing a moving picture theatre owned by appellants and operated by their lessees at Stanford, Kentucky, and to require him to remove a placard from the entrance of the theatre announcing that the theatre had been closed by order of the Division of Insurance. The appellants also attacked as unconstitutional certain provisions of the Act of March 13, 1920, Chapter 16, now comprised within Sections 762b-6 to 762b-24 Kentucky Statutes under which the proceedings resulting in the order complained of were instituted. The Chancellor, without giving his reasons for so doing, sustained a demurrer to the petition and dismissed it. Hence this appeal.

The Act is loosely drawn and susceptible to the construction that its framers had in mind the vesting of arbitrary power over the property of individuals in the State Auditor of Public Accounts, whose duties as Fire Marshall were transferred to the Department of Insurance by the Re-organization Act of 1934 (4618-37, Kentucky Statutes), and in 1936, to the Division and Director of Insurance (Kentucky Statutes, Section 4618-119). But such an intention will not be presumed, and if its provisions can be reconciled with the Federal and State Constitutions, it is the duty of this Court to do so. Martin, Commissioner of Revenue et al. v. Gage, 281 Ky. 95, 134 S. W. (2d) 966, 126 A. L. R. 449. Construed so as to require in each instance notice to the property own-

er whose rights are to be affected by the order of the Director, and also an opportunity to be heard before the making of a final order, the Act does not violate the Fourteenth Amendment to the Federal Constitution. Railroad Commission of California et al. v. Pacific Gas & Electric Co., 302 U. S. 388, 58 S. Ct. 334, 82 L. Ed. 319. Nor is the Act unconstitutional because it does not provide for an appeal to the Courts and is open to the construction, though it does not expressly so state, that the Division's finding of fact shall be conclusive. McCracken Fiscal Court v. McFadden, 275 Ky. 819, 122 S. W. (2d) 761. The right to resort to the courts exists in any event if "the decision is wholly unsupported by the evidence, or is wholly dependent upon a question of law or is seen to be clearly arbitrary or capricious" (Silberschein v. United States, 266 U. S. 221, 45 S. Ct. 69, 71, 69 L. Ed. 256); and an express provision that an administrative body's finding of fact shall be conclusive is subject to the qualification that it must be supported by relevant evidence such as a reasonable mind might accept as adequate to support a conclusion. National Labor Relations Board v. Columbia Enameling & Stamping Co., Inc., 306 U. S. 292, 59 S. Ct. 501, 83 L. Ed. 660; Kentucky Utilities Co. v. Hammons, 284 Ky. 437, 145 S. W. (2d) 67. It may be conceded that if the Act had provided a method of appeal to the courts, the prescribed procedure would be exclusive of all others; but, since no method was provided, clearly appellants had the right to institute this action, and the Court erred in sustaining the demurrer to the petition if that pleading disclosed either lack of notice or hearing, insufficiency of evidence to support the conclusions of fact upon which the order closing the theatre was based, or that the Director had acted arbitrarily or in excess of the authority conferred upon him by the Statute.

It is conceded that the appellants were notified of the hearing conducted by the Division of Insurance, and the testimony which appellants charge was given informally and not under oath is not before us. Hence, it is only necessary to determine whether the allegations of the petition are sufficient to show that the Director acted arbitrarily or beyond the powers conferred upon him by the Act.

Among the allegations contained in the petition are: That the premises ordered closed had been used for

twenty-five years as a moving picture theatre, and prior to that time as an opera house, and that it had been so altered and equipped that it could be used for no other purpose; that no fire had ever occurred therein; that all laws, rules, and regulations requiring adequate and reasonable safeguards against hazards of all kinds had been complied with; that in 1936 an emergency fire exit prescribed by the authorities had been installed, and many alterations, changes, and repairs made; that in 1939 the premises had been inspected by the Director of Insurance and the further recommendations of that official carried into effect, and that the plaintiffs had never refused to comply with any laws, rules, or regulations prescribed in connection with the use of said premises and the conduct of the theatre therein; and that plaintiffs were ready, willing, and able to comply with any rules or regulations that might be properly and legally prescribed. On December 28, 1940, according to the petition, the plaintiffs were notified by letter from the Director of Insurance that the City Council of Stanford had adopted a resolution reciting that that body considered the theatre a distinct "fire hazard and danger to public safety," and that an inspection by the Division had revealed inadequacies of exit and other hazards violative of "the Kentucky Standards of Safety" made and provided by the Director of Insurance under authority of the Act. The letter concluded with a notice to appear at the office of the Director on January 10, 1941, "to answer the various charges which have arisen as a result of an investigation and inspection as to the unsafe condition of the Lincoln Theatre at Stanford, Kentucky." The petition then proceeds:

"Plaintiffs state that pursuant to the notice contained in the aforesaid letter C. Hays Foster was present at the time and place mentioned therein for the purpose of being heard and being given an opportunity to learn what requirements were necessary and with what regulations he should comply in respect to the premises heretofore mentioned in Stanford, Kentucky, and plaintiffs' lessees, Lincoln Theatre Company, Charles H. Behlen, H. C. Congleton, and R. L. Castillo, were present. Plaintiffs state that at said meeting or hearing before the defendant, Sherman Goodpaster as Director of Insurance of the Commonwealth of Kentucky, no evidence was heard or given under oath and no sworn statements

made, read or introduced and the plaintiffs were not and have not been advised of any conditions, requirements, or regulations with which they have failed to comply under the ruling of said Director of Insurance of the Commonwealth of Kentucky, or by the Division of Insurance or any other authority.''

Immediately after the meeting, according to the petition, an order was signed by the Director reciting the hazards and deficiencies complained of, and concluding with the following:

"Therefore, it having been determined that the operation of the Lincoln Theatre is in direct violation of the State Standards of safety and that its continued operation at its present (sic) location would be a public fire hazard which endangers public safety, it is hereby ordered, by virtue of the powers conferred on me by the Acts of 1920, Chapter 16, approved March 13, 1920, that the Lincoln Theatre cease operations at its present location on the second floor of a building located on the south side of Main Street, Stanford, Kentucky, effective January 10, 1941.

"Signed) Sherman Goodpaster
"Director of Insurance''

The petition then controverts the existence of many of the hazards recited in the order referred to, alleges the posting on the theatre door of the placard heretofore referred to announcing the closing of the theatre as of January 10, 1941, and the plaintiffs' lack of remedy for the redress of the wrongs complained of.

An analysis of the statutes referred to discloses no express authority vested in the Division of Insurance or its Director to order a theatre or other building closed. Unquestionably he had authority, after conducting a proper hearing, to order remedied or removed defects or hazards which existed in contravention of the prescribed and reasonable standards of safety which he was authorized by Section 762b-19 to adopt, and to inaugurate the criminal prosecutions and invoke the penalties of fine and imprisonment provided for in Section 762b-24, Kentucky Statutes. In cases of emergency or imminent peril he would doubtless have authority under the broad terms of the Act to order a theatre or building closed until such time as the emergency or imminent peril had passed.

Security Insurance Co. v. Rosenberg, 227 Ky. 314, 12 S. W. (2d) 688. But to order a theatre closed unconditionally, without an opportunity to the owners or lessees to remedy the defects or hazards complained of, and despite their willingness and ability to do so, and in the face of a history of long continued operation under similar conditions without injury to anyone, is, in the absence of an emergency or imminent peril, the exercise of arbitrary power in clear violation of Section 2 of the Constitution of this State. The Chancellor should have overruled the demurrer to the petition and required the appellee to answer disclosing the prescribed standards of safety and their violation by the appellants, or other justification for his act.

Judgment reversed.