LEXINGTON RETAIL BEVERAGE DEAL-
ERS ASSOCIATION et al., Appellants,

v.

DEPARTMENT OF ALCOHOLIC BEVER-
AGE CONTROL BOARD et al.,
Appellees,

*and*

LEXINGTON RETAIL BEVERAGE DEAL-
ERS ASSOCIATION et al., Appellants,

v.

Guy C. SHEARER et al., Appellees.

Court of Appeals of Kentucky.

June 7, 1957.

Allen, Duncan, Duncan & Arnold, J. L. Arnold, Lexington, for appellants.

Jo M. Ferguson, Atty. Gen., Walter C. Herdman, Asst. Atty. Gen., for appellees.

CLAY, Commissioner.

These two cases, consolidated for the purpose of appeal, present two methods of attack upon an order of the Alcoholic Beverage Control Board increasing the quota of liquor licenses in Fayette County. The first proceeding was a suit seeking an injunction, and the second was by way of appeal from the order. Both proceedings were dismissed by the trial court.

On November 3, 1955, the Board entered an order increasing retail package and retail drink license quotas for Fayette County. On November 4, three new retail package licenses were issued.

On November 10, a suit was filed by plaintiffs in the Franklin Circuit Court. The complaint stated that the plaintiffs were citizens, residents and taxpayers of Fayette County, and were also legal licensees and members of the Lexington Retail Beverage Dealers Association. This lengthy pleading alleged that the Board had been influenced and coerced into issuing the order increasing the quota; that at the hearing on the proposed increase plaintiffs were not permitted to cross-examine witnesses; that they were not permitted to put on proof; that the Board acted fraudulently, arbitrarily and capriciously in entering the order, and that the Alcoholic Beverage Control Administrator had acted arbitrarily, capriciously and improperly in issuing the new licenses. Plaintiffs prayed that the orders be adjudged null and void and that injunctive relief be granted.

Two days later the same plaintiffs filed in the Franklin Circuit Court what is styled a "Statement of Appeal", which contains similar allegations limited to the order of November 3 increasing the quota, and it was prayed that such order be set aside.

KRS 241.060(2) authorizes the Board:

"To limit in its sound discretion the number of licenses of each kind or class to be issued in this state or any political subdivision, and restrict the locations of licensed premises. To this end the board may make reasonable division and subdivision of the state or any political subdivision into districts."

The statute provides no appeal from an order of the Board fixing a quota under this statute. It is plaintiffs' contention that since they had no right to appeal, they had a right to attack the Board's order of November 3 on the ground that it was fraudulent and arbitrary and, therefore, in excess of the power of the Board. The plaintiffs rely on Foster v. Goodpaster, 290 Ky. 410, 161 S.W.2d 626, 140 A.L.R. 1044, wherein it was recognized that an order of an administrative body may be attacked, under certain conditions, by independent suit where no appeal is provided.

It is fundamental that a person may attack a proceeding of this nature by independent suit only if he can show that his legal rights have been violated. A public wrong or neglect or breach of a public duty cannot be redressed in a suit

in the name of an individual whose interest in the right asserted does not differ from that of the public generally, or who suffers injury only in common with the general public. Wegener v. Wehrman, 312 Ky. 445, 227 S.W.2d 997. In the Goodpaster suit, above cited, the administrative order violated the plaintiffs' private property rights.

■■ The plaintiffs here do not allege the violation of any private rights. As citizens and taxpayers, they are in no way adversely affected. As holders of liquor licenses they have been bestowed no contract or property rights. Keller v. Kentucky Alcoholic Beverage Control Board, 279 Ky. 272, 130 S.W.2d 821. The only possible basis of plaintiffs' claim is that their competitive position in the liquor business may be adversely affected. This is not only remote and speculative and a normal business risk, but they have no right to be free from competition. See Baker v. State ex rel. Hi-Hat Liquors, 159 Fla. 286, 31 So.2d 275; Baltimore Retail Liquor P. Stores Ass'n v. Kerngood, 171 Md. 426, 189 A. 209, 109 A.L.R. 1253. See also annotations in 109 A.L.R. 1259.

■ It seems obvious that under our Alcoholic Beverage Control Act the licenses plaintiffs hold grant them a privilege, but in no sense give them a right to attack the broad power of the Board to fix the number of permissible licenses for a particular area. Consequently, assuming the allegations of their complaint were true, plaintiffs have failed to show any judicially recognizable interest in the subject matter of this suit, and would not be entitled to the relief sought. The trial court properly dismissed the complaint on the ground that plaintiffs had failed to state a claim upon which relief could be granted.

■ With respect to the appeal, it was purportedly taken from the order of November 3 increasing the quota. As we have before pointed out, there is no statutory provision for an appeal from such an order. Consequently this appeal was properly dismissed on jurisdictional grounds.

While the question was not discussed by either party in the briefs, even if appellants had attempted to appeal from the appealable order of November 4, there is a serious question as to whether or not they individually would fall within the classification of a "citizen feeling himself aggrieved" under the provisions of KRS 243.560(1). We call attention to this language in the statute in the hope that it may someday be clarified by the legislature.

The judgments are affirmed.