W. N. FRITZ, d/b/a West End Drive In Liquors, Appellant,

v.

ALCOHOLIC BEVERAGE CONTROL BOARD of the Commonwealth of Kentucky, et al., Appellees.

Court of Appeals of Kentucky.

Jan. 19, 1962.

Thomas F. Marshall, Funk, Chancellor & Marshall, Frankfort, for appellant.

Robert Hines, Jr., Alcoholic Beverage Control Bd., Frankfort, for appellees.

CULLEN, Commissioner.

In August 1959 appellant W. N. Fritz made application to the Department of Alcoholic Beverage Control for a retail package liquor license for premises located in Christian County. His application was rejected by the Alcoholic Beverage Control Board on the ground that the quota for such licenses in Christian County was full. On appeal to the circuit court judgment was entered upholding the order of the board, and Fritz has appealed to this Court from that judgment.

Since 1956 there has been in force a regulation of the Alcoholic Beverage Control Board governing the fixing of quotas for alcoholic beverage licenses. The pertinent parts of that regulation are as follows:

"(1) The number of retail package liquor licenses issued by the Alcoholic Beverage Control Board in counties of the Commonwealth shall not exceed a number equal to one for every two thousand five hundred persons resident in such county.

\* \* \* \* \* \*

"(3) In order that a fixed and approved standard of population as prescribed in subsections (1) and (2) of this regulation may be adopted, the annual estimates of population as determined by population estimates for Kentucky counties prepared by the Agricultural Experiment Station, University of Kentucky, Lexington, Kentucky, shall be used in every year except a census year. The United States Government census figures of population shall be used in a census year."

It appears that it has been the practice of the Alcoholic Beverage Control Board to enter orders from time to time, under the above regulation, fixing specific quotas for various counties.

At the time Fritz filed his application the fixed quota for retail package liquor licenses in Christian County was 22. In September 1959, while his application was pending, the board entered an order raising the quota to 24. However, one previous applicant was given License No. 23, and another previous applicant, after a period of litigation, was given License No. 24. See Turner v. Portwood, Ky., 335 S.W.2d 578. Fritz maintained that the population of Christian County in 1959 was such as to authorize a quota of 25 licenses, and at his hearing before the board on December 2, 1959, he was permitted, without objection, to introduce in evidence a letter from an

official of the Agricultural Experiment Station stating that if the annual rate of population increase in Christian County during the period 1950–1958 obtained from mid-1958 to mid-1959 the population of the county as of July 1, 1959, would have been in excess of 63,300 (which would be enough for 25 licenses). The board, however, rejected the application on the ground that the existing established quota was 24 and it was full.

Fritz contends that the regulation of the board is self-executing and that whenever upon an application for a license a showing is made of the amount of population of the county in question according to the standard prescribed by the regulation, the quota automatically becomes a number equal to one license for each 2,500 of the population shown. The board maintains that the regulation is not self-executing and that the specific quota for any county is to be fixed by a formal order of the board under appropriate procedure.

As we view the case it is unnecessary for us to decide whether, in the absence of a later implementing order fixing specific quotas, the 1956 regulation would be self-executing, because in the instant case such an order (fixing quotas for all "wet" counties) was entered while Fritz' application was pending before the board. This being a current order, fixing quotas applicable to the year 1959, we think that it was conclusive in the absence of a showing that it was fraudulent, arbitrary or capricious. See Lexington Retail Beverage Dealers Ass'n v. Department of Alcoholic Beverage Control Board, Ky., 303 S.W.2d 268. No showing was made by Fritz that the order was not entered in conformity with the standard prescribed by the regulation.

Fritz relies upon Turner v. Portwood, Ky., 335 S.W.2d 578, as authority for his argument that the proper quota is to be determined in accordance with population estimates as shown by evidence submitted upon an application for a license. It is true that the opinion in the Turner case refers

to the evidence submitted by the applicant concerning the population of the county, but the decision was rested upon the fact that while the application was still in the course of litigation the board by formal order had increased the quota for the county.

The judgment is affirmed.