ALCOHOLIC BEVERAGE CONTROL BOARD et al., Appellants,

v.

HELM HOTEL COCKTAIL LOUNGE, INC., et al., Appellees.

Court of Appeals of Kentucky.

June 1, 1962.

John B. Breckinridge, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., Frankfort, for appellants.

Robert M. Pearce, Frankfort, for appellees.

G. D. Milliken, Jr., City Solicitor, Bowling Green, Amicus Curiae, for appellee.

CLAY, Commissioner.

At an election held on September 24, 1960, the majority of the voters of Bowling Green favored the sale of alcoholic beverages in the city. Sometime thereafter the Alcoholic Beverage Control Board fixed a quota of 18 for the issuance of retail *packaged* liquor licenses. No quota was fixed for retail *drink* licenses (a recognized category).

Appellees each applied for a drink license. After a hearing to determine what quota, if any, for this type of license should be fixed for Bowling Green, the Board ordered that no retail drink liquor license quota would be established and no such licenses would be issued. We may observe that if the Board had the power to enter such an order, the record justified the action which it took.

On appeal to the circuit court from this order it was adjudged to be arbitrary as

nullifying the local option statutes of Kentucky and the Board was directed to fix and establish a reasonable quota for the city.

The Board first questions the right of appellees to prosecute an appeal to the Franklin Circuit Court from an order refusing to fix a quota. No statutory appeal from such an order is provided. However, the lack of a quota was the basis upon which appellees' applications for a license were denied. An appeal from the latter order, authorized by KRS 243.560(1), properly put in issue the validity of the quota order. (Actually both rulings were in the same order.)

The case of Lexington R. B. D. Ass'n v. Dept. of A. B. C. Board, Ky., 303 S.W.2d 268, did not involve an application for a license and is distinguishable on this ground. The Franklin Circuit Court had jurisdiction to review the action of the Board in refusing to fix a quota since this was the basis of the denial of appellees' applications.

KRS 241.060 grants the Board general powers to regulate the alcoholic beverage industry. Under section (2) of this statute it is authorized "to *limit* in its sound discretion the number of licenses of *each kind or class* to be issued in this state." (Our emphasis) Our question is whether or not the power to limit the number of licenses in a particular class includes the power to fix that limit at zero and thereby effectively prohibit such licenses. Under KRS 243.570(2) (a) we may determine whether the Board acted without or in excess of its powers.

As generally understood, a limitation is a boundary, restriction or circumscription of something. There must always be a base upon which the limitation can operate. The power to limit is not the power to destroy the base.

The authority of the Board involves regulation, and regulation does not carry with it the power to prohibit. 1 Am.Jur. 2d, Administrative Law, Section 134 (page 946). Where intoxicating liquor licenses

are authorized, even though the regulating public body has a broad discretion in fixing the number, a restriction which constitutes an absolute or practical prohibition is unauthorized and arbitrary. State ex rel. Wilder v. City of Jacksonville, 157 Fla. 276, 25 So.2d 569; Re Barclay, 12 U.C.Q.B. 86 (cited in 124 A.L.R. 834).

On principle and authority we must hold that the power granted the Board by KRS 241.060(2) to limit the number of licenses in each class did not authorize it to abolish this class of license in a particular political subdivision. Though the action of the Board was influenced by the best of motives, its powers may only be exercised in conformity with legislative direction.

Appellees in their brief request us to comment upon what would be a proper quota for the Board to fix in view of the fact that it has already established a retail package quota. This we decline to do except to say that sections (1) and (2) of KRS 241.060 recognize that different quotas may be fixed for different kinds of licenses.

The judgment is affirmed.