**C. R. WINN, d/b/a Meade Farmers Supply, Appellant,**

v.

**FIRST BANK OF IRVINGTON, Citizens Bank of Elizabethtown, Gwendolyn Roe, and Jeffrey Roe, Appellees.**

Court of Appeals of Kentucky.

Dec. 8, 1978.

Rehearing Denied March 2, 1979.

Discretionary Review Denied June 5, 1979.

Danny E. Darnell, Stone & Darnell, Brandenburg, for appellant.

J. Henry Gibson, Gibson & Miller, Hardinsburg, for appellees, Gwendolyn and Jeffrey Roe.

Wade F. Richardson, Richardson & Richardson, Brandenburg, for appellee, First State Bank of Irvington.

Thomas P. O'Dell, Bondurant, Whitlow, Scott & O'Dell, Elizabethtown, for appellee, Citizens Bank of Elizabethtown.

Before COOPER, GANT and WINTERSHEIMER, JJ.

WINTERSHEIMER, Judge.

This appeal is from a summary judgment entered March 23, 1978, which required that a check must have been physically delivered to the payee thereof, in order that the payee may recover from a collecting bank for payment of a forged endorsement.

In January 1976, appellee Jeffrey Roe owed the appellant, Meade Farmers Supply, the sum of $16,000.00. Gwendolyn L. Roe, mother of Jeffrey Roe, drew a check on her account with the First State Bank of Irvington, in the amount of $5,000.00, making the check payable to the order of Meade Farmers Supply. Appellee Gwendolyn Roe maintains that the check was a loan to her son. Appellant, upon discovery that the check had been made payable to its order, but had not been delivered, visited Gwendo-

lyn Roe and her husband in April or May of 1976, to inquire about the check.

A notation on the left-hand corner of the check in question states "fertilizer, seed and herbicides on Jeff Roe account." Instead of taking the check and applying it to the debt owed to the appellant, appellee Jeffrey Roe took the check to the Radcliff branch of the Citizens Bank of Elizabethtown, where he endorsed the check "Meade Farm and Supply", opened an account in the name of the said endorsement and deposited the check therein. Appellee, Citizens Bank of Elizabethtown, by the testimony of its employee-teller, accepted the endorsement made by Jeffrey Roe and deposited the check to the new account. Suit was filed against the Citizens Bank of Elizabethtown for damages for having paid the check upon the forged endorsement. The matter was submitted to the trial court on the motion of each of the parties for summary judgment. The motion of Citizens Bank was sustained, the motion of Meade Farmers Supply was overruled and all claims of all parties against all other parties were dismissed with prejudice. The costs of this action were adjudged against Meade. This appeal followed.

Appellant sets out the following questions:

1) Did the trial court commit reversible error when it ruled that there must be a delivery of the check to the payee before the payee has the capacity to sue a collecting bank for payment of same on a forged endorsement, pursuant to KRS 355.3–419(c)?

2) Was the finding by the trial court that the check in controversy was drawn by Gwendolyn L. Roe and delivered to her son for the purpose of making a loan or advance to him erroneous based on the evidence?

3) Was it error for the trial court to deny the plaintiff/appellant's motion for summary judgment?

4) If appellee Citizens Bank of Elizabethtown is liable for paying the check over a forged endorsement, is appellant entitled to damages, not only compensa-tory but punitive, and for the appellant's expenses incurred due to said conversion?

Appellee Citizens Bank of Elizabethtown maintains that the summary judgment issued by the trial judge should be affirmed because a payee to whom a check is never delivered has no cause of action against the collecting bank. It also contends that even if the summary judgment is reversed, appellant is not entitled to a summary judgment because of the existence of several issues of material fact associated with the defense provided by KRS 355.3–419(c)(3).

Appellee First State Bank of Irvington, the drawee bank, argues that the summary judgment should be affirmed because the appellant makes no claim which can be sustained against the Irvington Bank. Irvington maintains that the finding by the trial court that the check was drawn by Gwendolyn L. Roe, delivered to her son for the purpose of making a loan to him and was paid by the drawee bank in accordance with her wishes, is based on the evidence, and therefore, should be upheld. Gwendolyn Roe made no complaint to the drawee bank concerning the payment of the check.

Gwendolyn Roe states that only one of the arguments set out by the appellant has any application to her, and she believes that the finding by the trial court that the check in controversy was drawn by her, and delivered to her son for the purpose of making a loan or an advance to him, is correct and based on the evidence. She contends that the controversy is actually between the appellant and the appellee banks.

This Court believes that the distinguishing issue in this case is whether a payee must have physical possession of a check in order to have standing to sue when the check is paid by a collecting bank over a forged endorsement.

This Court affirms the judgment of the trial court.

There appears to be a division of authority in the United States as to the question presented by this case. California and Illi-

nois have ruled that delivery of a check to the payee is a prerequisite to the right of suing thereon. Alabama and Indiana have held to the contrary. No Kentucky case has been found directly on point. *See* : 100 A.L.R.2d 681.

Appellant does not have standing to maintain this action because he does not have a substantial interest. In the circumstances presented here, it appears that the Kentucky rule should be that it is necessary for physical delivery of a check to the payee before it would have the capacity to sue a collecting bank for payment of a forged endorsement.

■ In order to support an action, the interest of the party plaintiff must be present or substantial interest, as distinguished from a mere expectancy. 59 Am. Jur.2d, *Parties*, § 28. A party plaintiff must have a real, direct, present and substantial right or interest in the subject matter of the controversy. 67 C.J.S. *Parties* § 6 [1950 ed.]. Here, appellant had, at best, an expectancy. It was contingent upon the delivery of the instrument, as well as its negotiation.

There is a difference between capacity to sue, which is the right to come into court, and standing to sue, which is the right to relief.

■ The appellant is not the owner of the instrument as contemplated by KRS 355.3–804 because he did not have physical possession of the instrument at any time.

The Uniform Commercial Code must be interpreted as a whole, and an analysis of the Code in Kentucky, and the United States generally, convinces this Court that the situation presented here was not one that would be directly addressed by the Code itself. Here, the payee of this check, as distinguished from a holder of another type of instrument more frequently treated by the Code, is not given relief because he can generally have the alternative of suing on the underlying obligation of the check.

Here, nothing precludes the appellant from doing just that.

A reasonable application of the Uniform Commercial Code to the situation presented here persuades us that there was no reason to directly include the appellee, as a creditor, in the banking episode. The evidence is clear that appellee Gwendolyn Roe did not make the appellant her agent, nor was she obligated in any way to the appellant. It is in the record and it is both natural and obvious that the mother, Gwendolyn Roe, did not complain about her son's activities with the check. Here, the appellant-payee never became an integral part of the transaction. The mother's action did not confer standing upon the appellant-creditor. She clearly disavowed any desire to benefit the appellant and quite naturally strongly asserted a position entirely favorable to her son, the forger.

In the absence of physical delivery, the payee cannot come into the ordinary channel of commerce so as to give it standing to sue.

The trial court's denial of the appellant's motion for summary judgment will not be disturbed since it is entirely consonant with its decision to grant the motion for summary judgment of appellee Citizens Bank.

No evidence regarding the reasonable commercial standards with regard to handling checks was introduced by any of the parties before the trial court. The record does indicate the alleged special treatment accorded to appellee Jeffrey Roe by the teller at the Citizens Bank, but nothing was presented to demonstrate that reasonable commercial banking standards had been violated.

It further appears to us that the contention regarding punitive damages and attorney fees was properly disposed of by the trial court.

Therefore, the judgment of the trial court is affirmed. It is the holding of this Court that a check must have been physically delivered to the payee thereof in order to permit the payee to recover from a collec-

ting bank for the payment of a check over a forged endorsement.

All concur.