HEALTHAMERICA CORPORATION
OF KENTUCKY, Appellant,

v.

HUMANA HEALTH PLAN, INC., Independence Health Plan of Kentucky, Lester M. Thompson, Secretary Finance and Administration Cabinet, Thomas C. Greenwell, Commissioner Department of Personnel Finance and Administration Cabinet, Frances Jones Mills, Treasurer Commonwealth of Kentucky, Appellees.

Supreme Court of Kentucky.

July 3, 1985.

Rehearing Denied in 85–SC–14–TG
Oct. 31, 1985.

Phillip J. Shepherd, Shepherd & Childers, Frankfort, for appellant.

Marvin J. Hirn, James E. Milliman, Barbara Reid Hartung, Greenbaum Doll & McDonald, Louisville, for Humana Health Plan, Inc.

Janet A. Craig, Lexington, William P. Curlin, Jr., Hazelrigg & Cox, Frankfort, for Independent Health Plan of Kentucky.

Charles D. Wickliffe, Frankfort, for Finance and Administration Cabinet.

Henry Watson III, for Frances Jones Mills.

Anne Keating, Frankfort, for Dept. of Personnel.

WINTERSHEIMER, Justice.

This appeal is from a summary judgment of the Franklin Circuit Court which dismissed the complaint of HealthAmerica Corporation for a declaration of rights because of a lack of standing.

In early 1984, the Secretary of Finance and Administration solicited proposals and bids for basic health insurance coverage for state employees. This contract was awarded to Blue Cross. The Secretary also allowed health maintenance organization coverage as an alternative to the basic health insurance coverage. HealthAmerica, Humana and Independence Health were permitted to offer HMO coverage. State employees could elect to have HMO coverage as an alternative to the basic insurance contract. Approximately 87,000 state employees, teachers and retirees are covered by the insurance package.

Under the system the state provides a program of health insurance under which it pays a portion of the premium and the employee, or other covered person, pays the balance. Pursuant to KRS 18A.225(3), the state pays the cost of the lower of the premium for standard insurance for single coverage, or the actual cost of insurance, and the employee pays the balance. An analysis of the various rate programs presented indicates that the rates provided by Blue Cross are lower than those offered by HealthAmerica but higher than those charged by Humana.

Humana and Independence Health Plan are not federally qualified HMO organizations, but are licensed by the Kentucky authorities to provide medical care to all residents of the state in their capacities as private citizens. After the Secretary allowed the others to provide health maintenance as an alternative to basic insurance, HealthAmerica and Blue Cross protested by letter.

On November 19, 1984, the Secretary determined that both protests were without merit and that it was in the best interests of the Commonwealth and within the authority of the statute to offer state employees the choice between standard insurance coverage and HMO coverage. Two days later, HealthAmerica filed suit in circuit court seeking to restrain the offering of the optional programs to state employees by any organization other than HealthAmerica. The circuit court dismissed the complaint of HealthAmerica and ultimately this case was transferred to the Supreme Court.

This Court affirms the judgment of the circuit court insofar as it dismissed the complaint of HealthAmerica for a lack of standing to sue.

It is fundamental that in order to have standing in a lawsuit a party must have a judicially recognizable interest in the subject matter of the suit. *Lexington Retail Beverage Dealers Assn. v. Department of Alcoholic Beverage Control*, Ky., 303 S.W.2d 268 (1957). HealthAmerica as a disappointed competitor, has no standing to judicially contest the award of a public contract to another entity.

HealthAmerica does not have legal standing to maintain this action because it does not have a present and substantial interest in the provision of the HMO healthcare alternative for state employees but only an expectancy. *See Winn v. First*

*Bank of Irvington,* Ky.App., 581 S.W.2d 21 (1978).

■ HealthAmerica made no showing of how any legal right would be affected by the decision of the state except that it was placed at a competitive disadvantage in regard to the other HMOs that might be able to provide coverage. The only right or claim of standing by HealthAmerica arises from its fear of competition which is a normal business risk. This is not only remote and speculative, but they have no right to be free of competition. *See Lexington Retail Beverage Dealers Assn., supra.* HealthAmerica has no property right in the provision of health care benefits for state employees and it is not entitled to be free of competition in providing such benefits. HealthAmerica has only a right to try to sell its product.

■ It has long been Kentucky law that absent a showing of fraud, collusion or dishonesty, a disappointed bidder has no standing to judicially challenge the award of a public contract to another bidder. *See Trapp v. City of Newport,* 115 Ky. 840, 74 S.W. 1109 (1903); *Campbell v. Southern Bitulithic,* 32 Ky.Law Rptr. 799, 106 S.W. 1189 (1909); *Louisville Steam Forge Co. v. Gast,* Ky., 115 S.W. 761 (1909); *Bancamerica-Blair Corp. v. State Highway Com'n,* 265 Ky. 100, 95 S.W.2d 1068 (1936).

A disappointed bidder has no interest in a contract entered into in good faith with his competitor. Relief could be granted only at the instance of a taxpayer or the state agency. *See Bancamerica, supra.*

■ Here there is no allegation of fraud, bad faith or collusion. HealthAmerica has not shown a legal or beneficial interest in the subject matter of the controversy and it has no standing to bring this action.

■ HealthAmerica's arguments in connection with KRS 418.040 and 418.045 and CR 57, are unconvincing. Chapter 418, the Declaratory Judgment Chapter, confers standing on a party only where there is a specific right involved. There must be a real or justiciable controversy involving specific rights of particular parties. *Veith*

*v. City of Louisville,* Ky., 355 S.W.2d 295 (1962).

The judgment of the circuit court that HealthAmerica lacks standing to challenge the decision of the Secretary is affirmed.

AKER, STEPHENSON, VANCE and WINTERSHEIMER, JJ., concur.

LEIBSON, J., dissents by separate opinion.

STEPHENS, C.J., and GANT, J., join in his dissent.

LEIBSON, Justice, dissenting.

Respectfully I dissent.

The issue is whether the Secretary of Finance and Administration may contract for health care coverage for state employees under KRS 18A.225 with health maintenance organizations (HMOs) which are not federally qualified in those areas of the state where the appellant, a federally qualified HMO, is available to provide services.

Appellant, HealthAmerica Corporation of Kentucky ("HealthAmerica"), has filed a declaratory judgment action to prevent the Secretary of Finance from discontinuing HealthAmerica's contract to provide services and substituting the services of competing HMOs, Humana Health Plan, Inc. and Independence Health Plan of Kentucky, in the areas presently served by HealthAmerica. HealthAmerica maintains that it is a federally qualified HMO, whereas Humana Health Plan and Independence Health Plan are not federally qualified. Further, HealthAmerica maintains that the enabling legislation, KRS 18A.225, in pertinent part, specifies that the Secretary of Finance must contract with federally qualified HMOs to the exclusion of HMOs which are not federally qualified except in those areas where there are no federally qualified HMOs to provide service. The language of the statute supports this position.

But this case was not decided on the merits. It was decided on standing to sue. The trial court concluded that HealthAmerica had no present or substantial interest in

whether the actions of the Secretary of Finance were contrary to the terms of the statute, that HealthAmerica had no judicially recognizable interest in the subject matter. The trial court dismissed the within action on grounds that HealthAmerica had no standing to sue. We have affirmed. I disagree.

*Lexington Retail Beverage Dealers' Association v. Department of Alcoholic Beverage Control,* Ky., 303 S.W.2d 268 (1957) has been cited as controlling authority in both the opinion of the trial court and the present majority opinion. It is not in point. This is an unfair competition case. The *Lexington Retail Beverage* case was not such a case.

In this case HealthAmerica's basic position, which has not been significantly disputed, is that federally qualified HMOs must meet standards which exceed the state requirements for HMOs in both the range and manner of supplying basic health care benefits and the method of organization and operation. This upgrades the quality of service, which was the statutory intent, and it also builds increased cost factors. Thus state qualified HMO's which are not also federally qualified present unfair competition.

In the *Lexington Retail Beverage* case the complainants were a group of liquor license holders challenging the action of the Alcoholic Beverage Control Board which increased the quota for liquor licenses in Fayette County. We held that "[a]s holders of liquor licenses they have been bestowed no contract or property rights." 303 S.W.2d at 270. There was no statutory basis for complaining if additional liquor licenses were granted.

HealthAmerica, by contrast, has an uncontroverted property right, a contract for HMO services with the state, which was preserved by operation of statute unless there were alternative licensees available with whom the Secretary of Finance could contract who met the statutory standard. The terms of the statute, reasonably construed, give HealthAmerica a vested interest to demand that KRS 18A.225 be complied with.

HealthAmerica had standing to prevent unlawful competition resulting from the unauthorized acts of the Secretary of Finance.

STEPHENS, C.J., and GANT, J., join in this dissent.