CITY of LOUISVILLE, Appellant,

v.

STOCK YARDS BANK & TRUST CO., et al., Appellees.

No. 91–SC–952–TG.

Supreme Court of Kentucky.

Dec. 17, 1992.

Samuel D. Hinkle IV, Lester I. Adams, Jr., Culver V. Halliday, Greenbaum Treitz Brown & Marshall, P.S.C., Christina Heavrin, Director of Law, Winston E. King, Asst. Director of Law, City of Louisville, Louisville, for appellant.

Lively M. Wilson, Philip W. Collier, Brooks D. Kubik, Scot A. Duvall, Stites & Harbison, John T. Ballantine, James N.G. Cauthen, Ogden, Newell & Welch, Ann B. Oldfather, Oldfather & Morris, Frank E. Haddad, Jr., Harris J. Berman, Louisville, for appellees.

LAMBERT, Justice.

Appellant, City of Louisville, brought this action for damages and injunctive relief against appellees, trustees of the Policemen's Retirement Fund of the City of Louisville, and various other parties including a bank, a brokerage firm, investment advisors and stock brokers with whom the Fund had entered into contracts and engaged in investment activities. In substance, appellant alleged the existence of a scheme whereby improper fees and commissions were paid from the assets of the Policemen's Retirement Fund. Appellees moved to dismiss the complaint on grounds that appellant lacked standing to bring the action and the trial court sustained the motion. After filing its Notice of Appeal, appellant moved this Court for transfer and its motion was sustained.

 At the outset, it should be observed that this action was dismissed on grounds that appellant lacked standing to bring it. It is axiomatic that in such circumstances, every well-pleaded allegation of the complaint must be taken as true and construed in the light most favorable to the party against whom the motion is made. *Gall v. Scroggy,* Ky.App., 725 S.W.2d 867 (1987). As such, it was neither the province of the trial court nor of this Court to consider whether appellant may be able to prove its allegations or ultimately prevail. *See generally,* W. Bertelsman and K. Philipps, *Kentucky Practice,* 4th ed., Rule 12.02 (1984). On review, this Court will confine itself to a determination of whether the matters alleged in the complaint establish appellant's standing to bring the action or whether it is without a "substantial interest" in the subject matter of the controversy. *Winn v. First Bank of Irvington,* Ky.App., 581 S.W.2d 21, 23 (1978).

In the complaint, appellant alleged that appellees breached their fiduciary duty to the Fund by engaging in investment practices which resulted in excessive trading of securities, payment of excessive fees and commissions, and made incorrect statements to the Fund's Board of Trustees. As a result of those practices, appellant alleged, it was required, pursuant to an ordinance of the City of Louisville, to pay sums into the Fund which otherwise would not have been required. For this, appellant sought damages and injunctive relief. Appellees responded with the contention that the "exclusive authority relating to investment of the assets" language contained in KRS 95.290(2) forbade any such action. They viewed the statute as preventing any review, even for fraudulent conduct, of their investment practices.

The Policemen's Retirement Fund was created, pursuant to a statutory grant of authority to cities of the first class, KRS 95.020, by the legislative body of the City of Louisville. Among other things, Section 36.118 of the Ordinance requires appellant to guarantee payment of pension benefits in the event of a shortfall of investment income and member contributions. Appellant has alleged that on numerous occasions, it has been required to pay increased sums by virtue of the alleged mismanagement. Moreover, appellant contends that mismanagement is continuing and threatens to increase future sums it will be required to pay.

 Prevailing Kentucky authority establishes the standard for standing to sue as "a judicially recognizable interest in the subject matter." The interest may not be

"remote and speculative," but must be a present and substantial interest in the subject matter. *HealthAmerica Corporation of Kentucky v. Humana Health Plan, Inc.*, Ky., 697 S.W.2d 946 (1985). *See also, Winn v. First Bank of Irvington, supra.* We have recognized the difficulty of formulating a precise standard to determine whether a party has standing and held that the issue must be decided on the facts of each case. *See Rose v. Council for Better Education, Inc.*, Ky., 790 S.W.2d 186 (1989) (in which this Court held that a party charged with a statutory duty to promote public education possessed standing to challenge the constitutionality of state statutes implementing Section 183 of the Constitution of Kentucky.) Measured by the foregoing standard, we have no doubt that appellant has the requisite interest in the subject matter of this litigation. Not only has appellant made direct payments to the fund to maintain its fiscal soundness, it also has the additional duty, in the interest of sound public policy, to guarantee that active police officers have a dependable pension plan, one free of waste and mismanagement. While appellant could, in theory, terminate the plan, it would remain obligated to provide benefits for those with vested rights under the plan; thus, it is no answer to the issue here to suggest that it may simply terminate the plan.

■ Despite the foregoing, appellees maintain that KRS 95.290(2) denies standing to appellant. In particular, they rely on the following provision:

"The governing bodies of the respective funds shall hold title to all assets in their respective funds, and shall have exclusive authority relating to investment of the assets of the funds, including contracting with investment advisors or managers to perform investment services as deemed necessary and prudent by the board."

While the quoted provision contains a broad grant of authority in the management of fund assets, it does not create a license to engage in intentional conduct amounting to a breach of fiduciary duties as alleged in the complaint. In various places throughout the complaint, it is alleged that appellees engaged in knowing, intentional, and reckless conduct which resulted in the waste of fund assets. When construed in the light most favorable to appellant, the allegations of the complaint go beyond any reasonable construction of exclusive investment authority provided for by the statute and nothing therein prevents the bringing of such an action.

Numerous decisions of this Court caution against statutory construction which would result in absurdity. See cases digested in 20 *West's Kentucky Digest 2d*, "Statutes," § 212.3 (1985). If this Court should construe KRS 95.290(2) as appellees urge, the trustees would be entitled to "invest" fund assets through the windows at Churchill Downs or in the purchase of Kentucky lottery tickets while remaining immune from liability with respect to their fiduciary duties. While appellees concede that fund beneficiaries may have standing, these individuals would have little motivation to bring suit secure in the knowledge that their pension benefits are guaranteed by the taxpayers of the City of Louisville. We will refrain from any such absurd construction of the statute as it would effectively deny the party having a duty to indemnify against insufficiency of fund assets standing to bring an action to recover for and prevent waste of the assets.

For the foregoing reasons, the final judgment of the trial court is reversed and this cause remanded with directions that the action be reinstated and for further consistent proceedings.

All concur.