**COMMONWEALTH of Kentucky (Finance and Administration Cabinet), et al., Appellants**

v.

**YAMAHA MOTOR MANUFACTURING CORPORATION of America, et al., Appellees.**

No. 2005–SC–000979–DG.

Supreme Court of Kentucky.

Nov. 1, 2007.

James M. Herrick, Assistant Attorney General, Frankfort, Larry C. Deener, Landrum & Shouse, LLP, Lexington, KY, Counsel for Appellants.

Kenneth A. Bohnert, F. Chris Gorman, Edward L. Lasley, Conliffe, Sandmann & Sullivan, Louisville, KY, Counsel for Appellees.

Opinion of the Court by Chief Justice LAMBERT.

The issue presented here is whether the Kentucky Model Procurement Code (KMPC) confers standing to obtain judicial review upon a disappointed bidder who claims that the winning bidder's proposal for a state government contract was not responsive to the solicitation for bids. Notably, no claim has been made that fraud, collusion or dishonesty influenced the proceedings.

This matter originated from the Department of Parks' (Parks) award of a contract to E–Z–Go Division of Textron, Inc. (E–Z–Go) for the purchase of nearly three hundred golf carts. The Finance and Administration Cabinet, on behalf of the Department of Parks, utilized the competitive sealed bidding procedure of KRS 45A.080, a part of the Kentucky Model Procurement Code. The solicitation provided that the contract would be awarded on a "best value" basis which would be determined from price, warranty, timely delivery, and the offer of a prompt payment discount.

Additionally, the solicitation called for five of the golf carts to be in compliance with the Americans with Disabilities Act. The specification standard used in the solicitation for the five "ADA compliant" golf carts was based on a product sold by Yamaha Motor Manufacturing Corporation of America (Yamaha). However, the solicitation expressly stated that the use of brand names served only as a description of the product and that Parks would consider other products if it deemed them to be acceptable alternatives. Cunningham Golf Car Company, Inc. (Cunningham) submitted a comprehensive bid which included five ADA compliant Yamaha golf carts. E–Z–Go submitted a bid which included five golf carts it claimed to be ADA compliant from another manufacturer. Parks concluded that the five vehicles in E–Z–Go's bid were acceptable alternatives to the Yamaha vehicles and that E–Z–Go's bid provided the best value. Accordingly, E–Z–Go was awarded the contract.

Cunningham filed a protest with the Finance Secretary pursuant to KRS 45A.285 and contended that E–Z–Go's bid was nonresponsive because the five ADA-compliant golf carts it offered were inferior to Yamaha's and thus varied from the standard specifications. Cunningham also asserted that Parks erred in considering the maintenance costs for only one year as opposed to useful life in its evaluation of which company offered the "best value." Upon denial of its protest, Cunningham filed the instant action in Franklin Circuit Court.[1] The trial court dismissed the case

1. Yamaha and Robert B. Nesmith were also named Plaintiffs; however, only Cunningham's standing is at issue in this Court's discretionary review.

upon its determination that Cunningham lacked standing. On appeal, the Court of Appeals, confined its analysis to the issue of standing and held that the KMPC did afford standing to Cunningham. This Court granted discretionary review, heard oral argument and now affirms the Court of Appeals' decision.

■ Standing requires that a party have "a judicially recognizable interest in the subject matter of the suit."[2] This Court has described the required interest as present or substantial as opposed to a mere expectancy.[3] This standard has generally prevented a disappointed bidder from having standing to sue on an award of a public contract because its interest is a mere expectancy. Nevertheless, this Court has recognized that participants in a bidding process for public contracts have sufficient interest to seek relief where the process is infected with fraud or dishonesty. To that end, we have held that a disappointed bidder or competitor may challenge the award of a public contract to another bidder upon a showing of fraud, collusion or dishonesty.[4] Prior to enactment of the KMPC, the rule stated above worked well because it established the standard of conduct in a manner that had the effect of defining the disappointed bidder's interest as one of participation in a non-fraudulent bidding procedure.

However, enactment of the KMPC effected substantial change. As recognized by this Court in *Pendleton Bros. Vending Inc. v. Commonwealth Finance and Ad-*min. Cab.[5] "the KMPC has changed the rules of the game, providing access not previously available to challenge and investigate the propriety of government purchasing contracts." Specifically, with the enactment of the KMPC, the General Assembly elevated the standard of conduct for the Commonwealth's procuring entities, *inter alia,* "to provide safeguards for the maintenance of a procurement system of quality and integrity,"[6] and "to insure fair and equitable treatment of all persons who deal with the procurement system."[7]

■ Standing was expanded by the KMPC to include a class of disappointed bidders who previously lacked standing. In pertinent part, KRS 45A.280 states:

> The decision of any official, board, agent, or other person appointed by the Commonwealth concerning any controversy arising under, or in connection with, the solicitation or award of a contract, shall be entitled to a presumption of correctness and shall not be disturbed *unless the decision was procured by fraud or the findings of fact by such official, board, agent or other person do not support the decision.*[8]

Moreover, KRS 45A.285 provides in relevant part:

> Any actual or prospective bidder, offeror, or contractor who is aggrieved in connection with the solicitation or selection for award of a contract may file a protest with the secretary of the Finance and Administration Cabinet....

**2.** *HealthAmerica Corp. v. Humana Health Plan, Inc.,* 697 S.W.2d 946, 947 (Ky.1985) (*citing Lexington Retail Beverage Dealers Assn. v. Department of Alcoholic Beverage Control,* 303 S.W.2d 268 (Ky.1957)).

**3.** *See e.g., Plaza B.V. v. Stephens,* 913 S.W.2d 319 (Ky.1996); *Ashland v. Ashland F.O.P. # 3, Inc.,* 888 S.W.2d 667 (Ky.1994).

**4.** *Cf. HealthAmerica,* 697 S.W.2d 946.

**5.** 758 S.W.2d 24 (Ky.1988).

**6.** KRS 45A.010(2)(g).

**7.** KRS 45A.010(2)(e).

**8.** KRS 45A.280(emphasis added).

The decision by the secretary of the Finance and Administration Cabinet shall be final and conclusive.

We have construed this statute to mean that the Secretary's decision is "final and conclusive" only with respect to administrative proceedings and does not serve as a barrier to judicial review.[9] Additionally, our decision in *Pendleton Brothers* recognized that an award or decision must not be arbitrary and capricious or contrary to law, and this includes a decision or award made in violation of the KMPC.[10] On this basis, the Court of Appeals correctly held that Cunningham has standing to pursue the instant action.

However, our determination in this regard does not ensure Cunningham's entitlement to reach the merits of its claim. We were careful to say in *Pendleton Brothers* that not every purchasing decision will be subject to judicial scrutiny.[11] However, the KMPC establishes uniform practices and procedures against which the procuring entity's conduct can be objectively measured. As a safeguard against opening the proverbial floodgates of litigation, claims based merely on differing interpretations of bid terms, without more, do not rise to the level of arbitrary and capricious conduct and may be dismissed for failure to state a claim.[12]

As the trial court dismissed Cunningham's claim based on lack of standing, it did not analyze whether the complaint stated a claim upon which relief could be granted. The Court of Appeals explicitly noted that it had "concerned [itself] solely with the issue of standing and not with the strength of the underlying allegations in the case." We likewise confine our review, affirm the Court of Appeals, and remand the case to the trial court for further consistent proceedings.

ABRAMSON, CUNNINGHAM, NOBLE, SCHRODER, and SCOTT, JJ., concur.

MINTON, J., not sitting.

---

9. *Pendleton Bros.,* 758 S.W.2d 24.

10. 758 S.W.2d 24.

11. *Id.*

12. *See Laboratory Corp. of America Holdings v. Rudolph,* 184 S.W.3d 68 (Ky.App.2005).