RENDERED:  JULY 12, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1151-MR

INTERACTIVE EDUCATION
CONCEPTS, INC.                                                    APPELLANT

                    APPEAL FROM FRANKLIN CIRCUIT COURT
v.                  HONORABLE THOMAS D. WINGATE, JUDGE
                    ACTION NO. 23-CI-00333

KENTUCKY FINANCE AND
ADMINISTRATION CABINET;
KENTUCKY TRANSPORTATION
CABINET; AND RIGHTLANE, LLC                                        APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, GOODWINE, AND KAREM, JUDGES.

CETRULO, JUDGE:  This is an appeal from a Franklin Circuit Court Order which

affirmed the administrative decision of the Finance and Administration Cabinet

("the Cabinet") disqualifying a bid request by Interactive Education Concepts, Inc.

("IEC") to conduct online driver education courses.  IEC was the exclusive

provider of online driver education courses in Kentucky for six years pursuant to

an exclusive contract with the Commonwealth. In June 2022, the Cabinet issued a Request for Proposal ("RFP") using the competitive negotiation process provided by the Kentucky Model Procurement Code ("MPC") contained within Chapter 45A of the Kentucky Revised Statutes ("KRS"). The RFP sought proposals from any vendors capable of offering the state traffic school and graduated license programs via the internet. The RFP closed on July 18, 2022, with four vendors submitting proposals. IEC was one of the vendors as was Appellee RightLane, LLC ("RightLane"). RightLane was awarded the contract in October 2022.

That same month, 14 days after the award, IEC filed its protest. The Cabinet denied the protest, stating that it was untimely because it had not been filed within 14 days of the *issuance of the June RFP*. The Cabinet further ruled that IEC had not established that its award and disqualification of IEC were arbitrary, capricious, or contrary to law. IEC appealed that ruling to the Franklin Circuit Court. The circuit court affirmed the Cabinet's determination, resulting in this appeal.

## STANDARD OF REVIEW

Generally, judicial review of an agency decision is limited to the determination of whether the decision was arbitrary, *i.e.*, whether the action was taken in excess of granted powers, whether affected parties were afforded procedural due process, and whether decisions were supported by substantial

evidence. *Am. Beauty Homes Corp. v. Louisville & Jefferson Cnty. Plan. & Zoning Comm'n*, 379 S.W.2d 450, 456 (Ky. 1964) (citation omitted). Issues of law involving an administrative agency decision will be reviewed on a *de novo* basis. *Aubrey v. Off. of Att'y Gen.*, 994 S.W.2d 516, 519 (Ky. App. 1998) (citation omitted). *Sebastian-Voor Props., LLC v. Lexington-Fayette Urban Cnty. Gov't*, 265 S.W.3d 190, 195 (Ky. 2008). While issues of law are reviewed *de novo*, we afford deference to an administrative agency's interpretation of the statutes and regulations it is charged with implementing. *Commonwealth, ex rel. Stumbo v. Kentucky Pub. Serv. Comm'n*, 243 S.W.3d 374, 380 (Ky. App. 2007) (citing *Bd. of Trs. of Jud. Form Ret. Sys. v. Att'y Gen. of Commonwealth*, 132 S.W.3d 770, 787 (Ky. 2003)).

As an appellate court, we stand in the shoes of the circuit court and review the [agency's] decision for arbitrariness. *Sebastian-Voor*, 265 S.W.3d at 195. A decision is arbitrary when it is not "based on a consideration of the relevant factors and . . . there has been a clear error of judgment." *Landrum v. Commonwealth ex rel. Beshear*, 599 S.W.3d 781, 795 (Ky. 2019) (citation omitted).

On appeal, IEC argues that the Cabinet's decision disqualifying it violated the MPC because the disqualification was based upon something other than the price and the evaluation factors contained within the RFP. This, IEC

claims is an issue of law to be reviewed *de novo*. IEC further maintains that the Cabinet's decision was arbitrary and capricious for this same reason and because the Cabinet afforded RightLane the opportunity to cure issues presented in its proposal that it did not provide to IEC. Further, IEC contends that the appeal or protest of the bid to RightLane was timely and that the Cabinet and circuit court erred in finding it untimely. These arguments require further understanding of the events that occurred below.

**FACTUAL BACKGROUND**

As noted, the RFP or bid request was first posted in June 2022. The RFP does set forth therein evaluation factors which include the detailed scoring rubric that would be utilized to rank proposals. In addition, the RFP on page two stated that all vendors "must" include with their proposal submissions, certain items. Specifically, it noted:

> If the items highlighted below are not submitted with the proposal submission, the Commonwealth MUST deem the proposal non-responsive and SHALL NOT consider for award.

> The document then highlighted the following four items:

> PROPOSED TECHNICAL SOLUTION
> PROPOSED COST SOLUTION
> MANDATORY REQUIREMENTS CHECKLIST [See Attachment G]
> TRANSMITTAL LETTER [See Section 60.6(A)]

At issue herein is the third item, the mandatory requirements checklist, or Attachment G. Written in bold at the top of the page of Attachment G states:

> **Offeror shall indicate compliance with each mandatory requirement by responding YES. Proposals that do not meet all mandatory requirements shall be deemed non responsive and shall not be considered. Attachment G must be submitted with the technical proposal**.

Finally, on page 22 of the RFP, regarding the Scope of Work, it is again stated in bold that:

> **Proposals that do not meet mandatory requirements will be deemed non-responsive and will not be considered. Refer to Attachment G-Mandatory Requirements Checklist**.

IEC failed to submit Attachment G to its proposal. The other three bidders included the checklist. IEC was deemed non-responsive based on this failure of its submission. Because it was deemed non-responsive, IEC was not provided with an opportunity to proceed to oral demonstrations or presentations, but RightLane did proceed. The posting of the award to RightLane was on October 31, 2022. IEC filed its protest on November 14, later supplementing that protest following an open records request to the Cabinet. As alleged in the protest, IEC did not know that its proposal was deemed non-responsive and that it had been disqualified until RightLane was awarded the contract.

The Cabinet ruled that IEC was seeking to challenge the terms of the RFP itself, and that those terms were apparent on the RFP when it was first issued in June 2022.  Accordingly, the Cabinet found that IEC's complaints, first presented in November, were not timely presented and its protest was thus waived.  The Cabinet further held that IEC did not demonstrate that the decision was arbitrary, capricious, or contrary to law.

The circuit court similarly held that IEP should have raised a challenge to the requirement of the RFP to submit the Mandatory Requirements Checklist, within 14 days of the issuance of the RFP in June.  Nevertheless, the circuit court held that the decision itself was not arbitrary or capricious and that the appeal would be without merit even if the protest had been filed within 14 days of the RFP.

I.      **Timeliness of the protest**

KRS 45A.285(2) governs the time to challenge an award of a contract and states as follows:

> (2) Any actual or prospective bidder, offeror, or contractor who is **aggrieved** in connection with the solicitation or **selection for award of a contract** may file a protest with the [Cabinet].  A protest or notice of other controversy must be filed promptly and in any event within two (2) calendar weeks after such aggrieved person **knows or should have known of the facts giving rise thereto**.  All protests or notices of other controversies must be in writing.

(Emphasis added.)

> The regulations adopted regarding this statute provide that:
>
> (1) For purposes of computing the two (2) calendar week deadline for the submission of protests pursuant to KRS 45A.285(2), the following presumptions shall apply:
>
> a) For protests based upon alleged improprieties in a solicitation for bids or proposals which relate to the solicitation documents themselves, the facts giving rise to the protest shall be presumed to have been known to the protester on the date the solicitation, or a modification to it, was posted . . . .
>
> (b) For protests based upon alleged improprieties in the award of a contract, the facts giving rise to the protest shall be presumed to have been known to the protester on the date the notice of award of a contract was posted . . . .

200 Kentucky Administrative Regulation (KAR) 5:380 § 1.

The circuit court and the Cabinet concluded that IEC's protest fell under section a) of the regulation as it was for an alleged impropriety in the solicitation requiring the inclusion of Attachment G. The court found that the requirement to submit the mandatory requirements checklist was "known or should have been known" by IEC at the time of the solicitation in June. Thus, the circuit court stated, by failing to timely raise a challenge to that requirement of the RFP, IEC waived the right to protest.

However, IEC did not consider the requirement to be unfair until it was clear that its failure to comply with the requirement for the checklist had

-7-

resulted in its disqualification. IEC admitted that it prepared the checklist and intended to include it. While parts of IEC's protest did refer to this requirement as "meaningless" and unconnected to the evaluation factors set out elsewhere in the RFP, we disagree that the protest was based upon facts known to them prior to the award. IEC was not aware that it had been disqualified at all until after the award was posted. Thus, they were not "aggrieved" until the award was made.

We find that the protest was timely presented pursuant to KRS 45A.285(2) within two calendar weeks of the notice that the contract had been awarded to RightLane. However, our ruling in that regard does not afford the relief sought by IEC on appeal. To the contrary, we agree with the circuit court that IEC's appeal is without merit.

## II. Arbitrary and capricious argument

IEC's disqualification was based upon its failure to include a checklist that was not listed or scored in the evaluation factors contained within the RFP. IEC contends that this violated the provisions of the MPC which require that awards shall be made to the bidder whose proposal is determined to be the most advantageous to the Commonwealth, taking into consideration the price and evaluation factors set forth in the RFP. KRS 45A.085(5). IEC's argument here is in part that the Cabinet failed to follow statutorily mandated procedures, thus

entitling them to raise the substantive question of which bidder provided the best value to the Commonwealth.

However, IEC disregards the provisions of the MPC which first provide that the award shall be made to the "responsible and responsive offeror" whose proposal is deemed to be the most advantageous. KRS 45A.085(6). As the circuit court noted, IEC misses that its proposal or offer was already considered *non-responsive* for failure to include the highlighted documents required with the submission.

Similarly, the statute provides that "oral discussions shall be conducted with all responsible offerors who submit proposals determined in writing to be reasonably susceptible of being selected for the award." KRS 45A.085(7). Again, the submitted proposal by IEC was not considered responsive, based upon criteria clearly outlined in the RFP, and therefore it was not granted an oral discussion. Simply put, IEC was not granted an opportunity for an oral presentation because it was considered nonresponsive for failure to attach the checklist.[1]

---

[1] IEC also argues that it was treated unfairly and the decision was arbitrary because RightLane's submission also had deficiencies, but it was given an opportunity to correct them at the oral presentation. The circuit court noted that an issue arose with RightLane's login credentials as they were valid for only a limited time to prevent unfettered access in perpetuity. Thus, they had expired when the valuation was conducted, but new credentials were issued at the oral presentation. IEC asserts it was not granted a similar opportunity to submit the omitted checklist "quickly and easily" but it would have done so if FAC had alerted it to the fact that it was missing. On this point, as well, IEC conflates its failure to submit a *responsive* offering pursuant

IEC argues that the checklist was "meaningless" because it was not part of the scoring and evaluation factors. It refers to the warnings and highlighted language as to the mandatory requirements as "technicalities" that should not have resulted in disqualification. However, IEC concedes that it inadvertently omitted the checklist, which it had prepared and had intended to submit. IEC has cited to no authority which excuses an offeror from fully complying with the requirements of an RFP. Including requirements such as the checklist at issue are within the purview of the Cabinet. *See* 200 KAR 5:07. Moreover, imposing such a requirement upon all bidders equally is the very opposite of arbitrary.

With the enactment of the MPC, the General Assembly elevated the standard of conduct for the Commonwealth's procuring entities, *inter alia*, to provide safeguards for the procurement system of quality and integrity, and "to insure fair and equitable treatment of all persons who deal with the procurement system." *Commonwealth v. Yamaha Motor Mfg. Corp.*, 237 S.W.3d 203, 205 (Ky. 2007) (quoting KRS 45A.010(2)(e)). However, the agency is permitted to establish requirements that permit it to review bids effectively and efficiently from multiple vendors desiring to do business with the Commonwealth. Generally, our courts have held that claims based merely on differing interpretations of bid terms

---

to the RFP with RightLane's oral presentation and supplementation which were permitted once its offering was considered responsive.

do not rise to the level of arbitrary and capricious conduct and may be dismissed for failure to state a claim. *Yamaha*, 237 S.W.3d at 206 (citing *Lab'y Corp. of Am. Holdings v. Rudolph*, 184 S.W.3d 68 (Ky. App. 2005)). IEC has not demonstrated that adherence by the Cabinet to the instructions contained within the RFP was arbitrary or capricious. All bidders were subject to the same requirements.

Further, our Courts have held that the decision of any official or board arising under, or in connection with, the solicitation or award of a contract, shall be entitled to a **presumption of correctness** and shall not be disturbed unless the decision was procured by fraud, or the findings of the Cabinet do not support the decision. KRS 45A.280.

We presume that "officials are honest, have performed with integrity, and have carried out their statutory duties to the best of their ability as required by law." *Pendleton Bros. Vending, Inc. v. Commonwealth, Fin. & Admin. Cabinet*, 758 S.W.2d 24, 30 (Ky. 1988). While the presumption of correctness is not conclusive, it does afford agencies discretion such that "every purchasing decision or alleged omission is not subject to judicial oversight." *Id.* Absent proof of fraud or collusion which overcomes the presumption, we will not interfere with an agency's power to accept or reject bids. *See Ohio River Conversions, Inc. v. City of Owensboro*, 663 S.W.2d 759, 761 (Ky. App. 1984). IEC was fully aware of the checklist requirement, which was repeatedly emphasized in the RFP, and was

-11-

equally applied to all the vendors. Failure to comply with that requirement by IEC resulted in the submission being deemed nonresponsive. As the circuit court found, IEC simply failed to overcome the presumption of correctness concerning the Cabinet's award of the contract to RightLane. The order is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

R. Kenyon Meyer
Sarah D. Reddick
Sarah D. Sullivan
Louisville, Kentucky

BRIEF FOR APPELLEE
RIGHTLANE, LLC:

Mark W. Leach
Louisville, Kentucky

BRIEF FOR APPELLEE
FINANCE AND ADMINISTRATION
CABINET:

Wm. Robert Long, Jr.
Shan J. Dutta
Frankfort, Kentucky

BRIEF FOR APPELLEE
KENTUCKY TRANSPORTATION
CABINET:

Stewart C. Burch
Frankfort, Kentucky