124 N.J. Super. 26 (1973)
304 A.2d 578
CARL HUBER, PLAINTIFF,
v.
ZONING BOARD OF ADJUSTMENT OF THE TOWNSHIP OF HOWELL, MONMOUTH COUNTY; TOWNSHIP COMMITTEE OF THE TOWNSHIP OF HOWELL, MONMOUTH COUNTY; HESS OIL & CHEMICAL DIVISION, AMERADA HESS CORPORATION, A CORPORATION OF THE STATE OF DELAWARE, AUTHORIZED TO DO BUSINESS IN THE STATE OF NEW JERSEY; IRVIN HOLLAND AND EILEEN HOLLAND, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Argued May 11, 1973.
Decided May 11, 1973.
*27 Mr. Benjamin Edelstein argued the cause for plaintiff (Messrs. Edelstein & Edelstein, Attorneys).
Mr. Geoffrey S. Cramer argued the cause for defendant, Township Committee of the Township of Howell (Messrs. Campbell, Mangini, Foley, Lee & Murphy, Attorneys).
Mr. Harold G. Cohen argued the cause for defendants, Amerada Hess Corporation and Irvin Holland and Eileen *28 Holland, his wife (Messrs. Wilentz, Goldman & Spitzer, Attorneys).
LANE, J.S.C.
In this action in lieu of prerogative writs plaintiff successfully challenged the Board of Adjustment's grant of an N.J.S.A. 40:55-39(c) variance and the Township Committee's grant of a special permit for the enlargement of a gasoline station. The matter is now before the court on motion by plaintiff to include in the taxed costs the expenses of the transcript of the proceedings before the Board of Adjustment in the amount of $317.25.
Normally, costs are allowed as of course to a prevailing party. R. 4:42-8(a). However, their allowance is discretionary. The same rule was followed in certiorari cases before 1948. Taggart v. Altman, 131 N.J.L. 29 (Sup. Ct. 1943). In determining what costs may be allowed in the absence of specific authorization by rule of court, there must be statutory authority. U.S. Pipe, etc. v. United Steelworkers of America, 37 N.J. 343, 355 (1962); Finch, Pruyn & Co., Inc. v. Martinelli, 108 N.J. Super. 156, 159 (Ch. Div. 1969).
In an analogous situation N.J.S.A. 22A:2-3 provides for the costs of transcripts in appeals before the Supreme Court. Those provisions are extended to appeals in the Appellate Division by N.J.S.A. 22A:2-5. R. 2:11-5 provides that in the absence of an order the cost of the transcript on appeal shall be taxed in favor of the prevailing party.
The policy established by our Supreme Court is that each litigant should bear his own expenses in prosecuting and defending his individual interest. Sunset Beach Amusement Corp. v. Belk, 33 N.J. 162, 167 (1960). This court has been unable to find a reported case in which the costs of a transcript of hearings before a municipal body for use in an action in lieu of prerogative writs have been included in the prevailing party's bill of costs. The clerk of the court has advised that orders directing the taxation of the expenses *29 of transcripts have been entered, but that there is no established pattern within the Law Division.
Plaintiff in this case is an interested citizen whose property was close enough to the property in question to give him standing to challenge the decisions of the board and governing body. His challenge had the effect of insuring the correct enforcement of the Township Zoning Ordinance. In this sense, his suit is one brought on behalf of all the citizens of the Township, who will benefit from the correct application of local zoning regulations. See Schultze v. Wilson, 54 N.J. Super. 309, 319 (App. Div.), certif. den. 29 N.J. 511 (1959). The costs of bringing an action in lieu of prerogative writs to challenge a zoning decision is considerable, particularly because transcripts of hearings before public bodies are necessary since the court's decision must be based on the record below. It is important that citizens should feel able to bring such actions where they believe that their representatives are not carrying out their duties correctly or effectively and should not be discouraged from doing so by the possibility of large costs. For these reasons, the cost of the transcript ($317.25) will be included in the taxed costs so that plaintiff is not in effect penalized for taking the initiative in acting for his community.