**PLAZA B.V. and Lagalee Finance, Inc., Appellants,**

v.

**Don W. STEPHENS, Commissioner, Kentucky Department of Insurance, Appellee.**

No. 95–SC–581–TG.

Supreme Court of Kentucky.

Jan. 18, 1996.

William P. Curlin, Jr., Robert C. Moore, Hazelrigg & Cox, Frankfort, Mitchell A. Karlan, Gibson, Dunn & Crutcher, New York City, for appellants.

Steven L. Beshear, Janet A. Craig, Judith A. Villines, Stites & Harbison, Lexington, Robert Michael Connolly, Louisville, Michael F. Chazkel, Chazkel & Associates, East Brunswick, New Jersey, for appellees.

REYNOLDS, Justice.

A second group of nonvoting shareholders (Plaza B.V. and Lagalee Finance, Inc.) of the Kentucky Central Life Insurance Company allege standing, in lieu of limited status which they were once afforded in the primary appeal of this case, which opinion was rendered May 11, 1995. *Kentucky Central Life Ins. Co. v. Stephens*, Ky., 898 S.W.2d 83 (1995).[1]

The Commissioner of Insurance, as liquidator of Kentucky Central Life Insurance Company, has moved to dismiss this appeal on the grounds that the parties who attempt to appeal have no standing to prosecute it; the order appealed from is not a final and appealable order; and the appellants have failed to name necessary parties.

The current appeal is from a May 26, 1995, ruling of the trial court which occurred dur-

ing the trial court's continued oversight of the dissolution of the Kentucky Central Life Insurance Company and which order reads as follows:

The Court after a full hearing thereon, having considered the Motion filed by counsel for Don W. Stephens, Commissioner of Insurance for the Commonwealth of Kentucky and Court-appointed Liquidator ("Liquidator") for Kentucky Central Life Insurance Company ("KCL"), and *the objections thereto filed by the Board of Directors of KCL ("Board"), and joined in by certain non-voting shareholders of KCL ("Shareholders")* and being otherwise sufficiently advised; HEREBY, FINDS, CONCLUDES and ORDERS as follows:

1. The Guaranty Association Participation Agreement by and among the National Organization of Life and Health Insurance Guaranty Associations ("NOLHGA") and Participating State Life and Health Insurance Guaranty Associations, and KCL acting by and through Don W. Stephens, Insurance Commissioner of the Commonwealth of Kentucky as Rehabilitator and Liquidator of KCL and Jefferson–Pilot Life Insurance Company ("Jefferson–Pilot") which was filed with this Court on February 2, 1995, ("Participation Agreement") sets forth in detail the mechanics for implementing the provisions of the Court-approved Term Sheet among NOLHGA, the Liquidator and Jefferson–Pilot.

2. The Participation Agreement is consistent with the terms of the Term Sheet approved by this Court in its August 18, 1994 Order.

3. The Participation Agreement as tendered to this Court on February 2, 1995, complies with the provisions of KRS Chapter 304, Subtitles 33 and 42.

4. As of mid February, 1995, 100% of the state life and health guaranty associations with responsibility to KCL policyholders had agreed to participate under the terms of the Term Sheet and the Participation Agreement.

---

1. This is the fourth opinion issuing from this Court relating to the receivership/liquidation proceedings of Kentucky Central Life Insurance Company.

Accordingly, the Participation Agreement is hereby APPROVED, and the parties are directed to take whatever steps necessary or appropriate to implement its terms. (Emphasis ours.)

This group of nonvoting shareholders maintains that it does not collaterally attack the rulings rendered by this Court in the three Kentucky Central Life Insurance Company opinions, but states that it is the duty of the Commissioner and the circuit court to maximize the value of KCL's assets. It is alleged that Franklin Circuit Court should not have approved a provision of an agreement (the Participation Agreement) whereby 50 state guaranty associations, which are contributing over $100 million to provide protection to KCL's policyholders, were granted right of first refusal on all of KCL's real estate assets. The appellants have asserted that the right of first refusal improperly depresses the value of KCL's assets to the detriment of all claimants. It is maintained that the foregoing aspect of the Participation Agreement is illegal.

The background and course which the litigants have pursued are minutely detailed in the foregoing cases.[2] The motion of the nonvoting shareholders to intervene in these cases was denied as statutory authority does not exist to support their position. All nonvoting shareholders have acknowledged that rehabilitation and liquidation of an insolvent insurance company is a special statutory proceeding and that application and utilization of special statutory rules is left largely to the supervision of the trial judge in the exercise of sound judicial discretion.

The appellants' unlimited optimism relative to their standing to bring this appeal, which has lead them to state that this Court has decided their standing issue adversely to appellee's argument, is not supported by any of the three records of the Kentucky Central cases heretofore decided, including *Minor v. Stephens*, Ky., 898 S.W.2d 71 (1995).

The order of December 14, 1994, referred to by appellants, issued by this Court, passed the nonvoting shareholders' appeal to the merits. The trial court denied the nonvoting shareholders' motion to intervene and this Court affirmed the trial court in its denial of the appointment of an official committee to protect "their interest." Nowhere has it been asserted that the Board of Directors of KCL failed to protect the interest of any entity or any special aspect thereof. Statutory authority provides that only the Board had leave to protest liquidation and this would apply equally to the procedures undertaken by the Commissioner as liquidator. KRS 304.33–180(1). The findings of fact and conclusions of law formerly rendered herein were affirmed on appeal.

Throughout these proceedings the National Association of Life and Health Guaranty Association (NOLHGA) and various guaranty associations were granted standing to appear and participate in defined aspects of the case (KRS 304.33–170[4] ), and the court, as fairness might demand, permitted stockholders to meaningfully appear and participate in defined aspects of the case and counsel representing the shareholders, through the Board, was permitted to participate in such defined aspects of the case. All attempts to again intervene by the different groups of shareholders have been denied.

Pronouncedly set forth in the Findings of Fact (No. 55) (affirmed on appeal) the "shareholders of Kentucky Central do not have property rights in Kentucky Central because Kentucky Central's assets are insufficient to satisfy its liabilities." The Conclusions of Law (No. 7) unequivocally stated "the shareholders of Kentucky Central have no property rights in Kentucky Central because Kentucky Central's assets are insufficient to satisfy its liabilities to its policyholders." (See previously footnoted citations.) Also, it was further enunciated that the shareholders do not possess either a historically rooted expectation of compensation or a reasonable investment-backed expectation necessary to support a claim of compensable taking of property under the Fifth Amendment of the United States Constitution or under the Kentucky Constitution.

2. *Kentucky Central Life Ins. Co. v. Stephens*, Ky., 897 S.W.2d 583 (1995); *Minor v. Stephens*, Ky., 898 S.W.2d 71 (1995).

*Louisville v. Stock Yards Bank & Trust,* Ky., 843 S.W.2d 327 (1992), restates that the prevailing Kentucky authority establishing the benchmark for standing is "a judicially recognizable interest in the subject matter." The interest may not be "remote and speculative" but must be a present and substantial interest in the subject matter.

The issue of standing must be decided on the facts of each case. *Rose v. Council for Better Educ., Inc.,* Ky., 790 S.W.2d 186 (1989). In summary, the interest of a party must be a present or substantial interest as distinguished from a mere expectancy. *Ashland v. Ashland F.O.P. # 3, Inc.,* Ky., 888 S.W.2d 667 (1994).

In retrospect, the present "appellants" were not of record for the May 3, 1994, extended hearing when the substantive terms of the Term Sheet were initially approved.

The trial court's order of February 2, 1995, considered and approved the Participation Agreement, unless objections were filed and the court determined otherwise. Objections were timely filed by the Board on February 21, 1995, and notice of same was served upon counsel of record for the Joe Minor group of nonvoting shareholders, and counsel of record for the Plaza B.V. group of nonvoting shareholders. The Joe Minor group timely joined the Board's objections to the Participation Agreement. The Plaza B.V. group tendered untimely objections. We note that at the trial court hearing held to consider the Board's objections no inconsistency was alleged between the Term Sheet and Participation Agreement. Counsel for the Plaza B.V. nonvoting shareholders attended the hearing, but clearly made no appearance of record. The order of May 26, 1995, was entered approving the Participation Agreement and the court-approved Term Sheet. The parties who filed objections and appeared of record and participated in the hearing prior to the entry of the order aforesaid have not appealed.

*Minor, supra,* provides that the Commissioner is best qualified to perform the liquidation process as he has no special interest in the outcome except to administer the matter for the maximum benefit of all interested parties. The Commissioner's accountability and fiduciary duties to all interested parties, and the orders in these records make it reasonably clear that safeguards existed which enabled detection of any violations of duty which would imperil any party's interest. *In the Matter of the Liquidation of Integrity Ins. Co.,* 231 N.J.Super. 152, 555 A.2d 50 (Ch.Div.1988).

Nonvoting shareholders have neither been granted standing in these cases nor have they gained standing by coattailing Kentucky Central's Board of Directors' position throughout these actions. It is unnecessary to rule that the May 26, 1995, order was not a final and appealable one nor that the appellants failed to name necessary parties.

### ORDER

The appeal is dismissed.

GRAVES, KING, LAMBERT, STUMBO and WINTERSHEIMER, JJ., concur.

THOMAS LEWIS, Special Justice, concurs in result only.