DENNIS R. BAGNERIS, SR., Judge.
11 This matter derives from a mandamus action filed by Trustees of the New Orleans Firefighters’ Pension and Relief Fund to compel the City of New Orleans to make certain statutory contributions owed to the Fund. As part of its response, the City filed a reconventional demand, seeking injunctive relief and damages based on alleged mismanagement of the Fund by its Trustees.[1] In the present appeal, the City argues that the trial court erred in granting the Fund’s exceptions of *919 no right of action and no cause of action to the reconventional demand. Based on our finding that the City has no right of action, we affirm the trial court’s judgment.
FACTUAX, AND PROCEDURAL BACKGROUND
La. R.S. 11:3361 et seq. (collectively, the pension statute) provides for the creation of the Firefighters’ Pension and Relief Fund and outlines contributions that the City shall make to the Fund. On July 19, 2012, the Trustees of the Fund filed a Petition for Writ of Mandamus, requesting that the City be ordered to pay sums owed to the Fund as mandated by La. R.S. 11:3384.[2] The City’s response 12included a reconventional demand against the Trustees, alleging that they mismanaged the investments and assets of the Fund.[3] The City requested injunctive relief to prohibit the Trustees from using certain financial consultants and sought damages for the amounts the City has been or will be called to pay into the Fund due to the Trustees’ alleged mismanagement. The City also requested the right to take over management of the Fund. The Fund’s answer to the City’s reconventional demand raised peremptory exceptions of no right of action and no cause of action, challenging the City’s standing to sue. Before considering the merits of the mandamus action, the trial court severed the City’s reconventional demand from the petition for mandamus.[4]
After a hearing on the exceptions, the trial court granted the Fund’s exceptions of no right of action and no cause of action based on the City’s lack of standing. Thereafter, the City filed a Motion for New Trial To Clarify Judgment, seeking clarification as to whether the City would be permitted to amend its reconventional demand to add New Orleans Fire Department Superintendent, Timothy McConnell, who is also a Fund trustee and member, as a plaintiff-in-reconvention. The trial court denied the motion without a hearing.
This appeal followed.
[■¡DISCUSSION
The City raises three assignments of ■ error. They include that 1) the district court erred in granting the Fund’s exception of no right of action; 2) the district court erred in granting the Fund’s exception of no cause of action; and 3) the district court erred in denying the City’s request for leave to amend and the City’s Motion for New Trial to Clarify Judgment.
*920 Our jurisprudence has long established that the focus in an exception of no right of action is on whether the particular plaintiff has a right to bring the suit; whereas, the focus on an exception of no cause of action is on whether the law provides a remedy against the particular defendant. Badeaux v. Southwest Computer Bureau, Inc., 05-0612, pp. 6-7 (La.3/17/06), 929 So.2d 1211, 1216-1217. The function of an exception of no right of action is a determination as to whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the petition. Id. It addresses itself to the standing of the plaintiff to bring the suit. Perez v. Perez, 353 So.2d 1360, 1363 (La.App. 4 Cir.1978). Accordingly, in the present matter, we shall first decide whether the City has a right of action or standing to bring the reconventional demand. In the event it does not, then, the City cannot avail itself of any remedy asserted in a cause of action; and this Court need not consider any claims that the trial court erred in granting the Fund’s exception of no cause of action.

Exception of No Right Of Action

UThe Court of Appeal reviews de novo a trial court judgment sustaining an exception of no right of action as a question of law and determines whether the trial court’s ruling was correct or incorrect as a matter of law. First Bank and Trust v. Duwell, 11-0104, p. 4 (La.App. 4 Cir. 5/18/11), 70 So.3d 15,18.
In the present matter, the City argues that as an obligatory payor of substantial monies to the Fund, the City has a right of action to recover damages for the inflated contributions that the City has been called upon to pay into the Fund due to the Trustees’ alleged mismanagement. The City suggests that its standing to sue is buttressed by this Court’s recent decision to affirm the trial court’s judgment that granted mandamus relief which compelled the City to pay into the Fund amounts owed pursuant to La. R.S. 11:3384(F).[5] The City asserts this decision makes the City a “guarantor” or surety of the Fund and entitles the City to recoup the sums paid caused by the Trustees’ mismanagement. It concludes that the Trustees’ mismanagement directly impacts the City treasury; therefore, the City has standing to assert its right to set off against any contributions the City is required to pay into the Fund that result from the Trustees’ mismanagement and breaches of their fiduciary duties. The City maintains that any financial injury sustained by the City falls within the scope of the Trustees’ fiduciary duties to manage the Fund in accordance with prudent practice. In support, the City cites City of Louisville v. Stock Yards Bank & Trust Co., a Kentucky decision that held where its city government was required to indemnify against the insufficiency of fund assets, the city had a cause of action for damages |fiand injunctive relief against the trustees of a police retirement fund for its bad investment practices.[6]
We disagree with the arguments advanced by the City. First of all, the City’s reliance on City of Louisville is misplaced. Although that decision allowed the City of Louisville to bring an action against the police officers’ pension trustees for breaches of fiduciary duty based on bad investment decisions, the State of Louisiana, unlike the Kentucky legislature, has a pension statute that describes the fiduciary duties of the Fund’s Trustees and limits the parties who may bring a cause of *921 action against the Fund. Based upon our review of the provisions of the pension statute, the City does not fall within that category of persons to whom the Trustees owe any fiduciary duty.
The Louisiana legislature has delineated the fiduciary and investment responsibilities of the Fund’s Trustees in La. R.S. 11:8363.1. In particular, La. R.S. 11:3363.1E provides that a fiduciary must discharge his duties solely in the interest of system members and beneficiaries for the exclusive purpose of providing benefits to participants and beneficiaries, and paying the expenses of administering the plan. La. R.S. 11:3363.1H(1) states in part that a “member, beneficiary, or survivor who can demonstrate a personal interest in this retirement system may bring civil action to enforce the proceedings of this Section.” (emphasis added). By statute, the Fund’s Trustees owe a fiduciary duty only towards members and beneficiaries. Therefore, as the City is not a member, beneficiary, or survivor, the express terms of the, statute exclude the City as a party to whom the statute affords a right of action to bring a civil suit in the event the Trustees breach their fiduciary duties.
IsNext, we reject the City’s contention that this Court’s decision in New Orleans Fire Fighters Pension, supra, created a suretyship between the City and the Fund so as to give the City a right of action for the relief requested in its reeon-ventional demand. The City argues that as a surety, the City is entitled to recoup from the Trustees any contributions caused by the Trustees’ bad investments under the law of suretyship.[7] This argument lacks merit. A suretyship must be “express and in writing.”[8] However, the New Orleans Fire Fighters Pension decision only addressed narrow issues, namely, whether the trial court properly granted a writ of mandamus to compel the City to pay sums allegedly owed to the Fund pursuant to La. R.S. 11:3384(F) and whether the evidence supported the amounts awarded. The express language of the judgment did not create a legal surety and the City presents no evidence of same. Indeed, the Fund maintains that the City cannot claim status as a surety because it has not paid the Fund the amounts owed. Notwithstanding, even if the City were a surety, its status as a guarantor would not automatically confer standing to sue. See Joe Conte Toyota Inc., v. Toyota Motor Sales, U.S.A., Inc., 95-1630 (La.App. 4 Cir. 2/12/97), 689 So.2d 650. The City would still be prohibited from asserting its recon-ventional demand because it is not a party listed under La. R.S. 11:3363.1H(1) who has a right to bring a civil action against the Trustees for breach of any duty related to its fiduciary and investment responsibilities.
This Court does not dispute that the City has an interest in the Fund’s investment decisions; however, the pension statute referenced herein only establishes mandates that require the City to make contributions to the Fund. [/These mandates align with the State legislature’s acknowledged intent to ensure that the firefighter’s retirement benefit fund is fully funded. We find nothing within these statutes that creates a fiduciary duty between the City and the Trustees of the Fund; nor do we find anything that affords the City the right to recover damages, seek injunctive relief, control the Fund’s investment decisions, or obtain any of the other relief requested in its reeon-ventional demand.
*922 Our jurisprudence has long established that the proper procedure for the enforcement of the obligations set forth in the pension statute is mandamus because payment by the City requires the City as a ministerial function to make an appropriation. Nicolay v. City of New Orleans, 546 So.2d 508, 512 (La.App. 4 Cir.1989). Mandamus lies to compel the performance of prescribed duties that are purely ministerial and in which no element of discretion is left to the public officers, but there must be a clear and specific legal duty which ought to and can be performed. Id. In short, the City’s clear and specific legal duty under the pension statute is to make its required statutory contributions; the statute provides no discretion for the City to manage the Fund’s investment decisions or seek relief from those decisions. In the event the City wishes to have this authority, it must seek relief from the State legislature that enacted the pension statute. However, as a judiciary, our task is to interpret the law as enacted by the legislature; whereas, it is strictly within the legislature’s province to write the laws. New Orleans Fire Fighters Pension and Relief Fund v. City of New Orleans, 13-0878, p. 24 (La.App. 4 Cir. 12/18/13), 131 So.3d 412, 426. Based on our interpretation of the pension statute, the City does not have a right of action to seek the relief requested in its reconventional demand. Hence, the trial court did not err in granting the Fund’s | ^exception of no right of action and thereby finding that the City lacked standing to assert a cause of action.

Motion For New Trial To Clarify Judgment/Request For Leave

The City contends that in the event the trial court properly granted the Fund’s exceptions, that La. C.C.P. art. 934 requires that the City should have been given an opportunity to amend its reconven-tional demand. Accordingly, the City claims the trial court erred in denying its motion for new trial to clarify judgment that sought leave to name Board member and New Orleans Fire Department Superintendent, Timothy McConnell, as a plaintiff-in-reconvention. The City represents that as a Fund trustee and member, Superintendent McConnell has standing to bring the claims asserted in the City’s reconventional demand.
La. C.C.P. art. 934 states in part that “[w]hen the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court.” Therefore, the question for this Court to answer is whether the addition of Superintendent McConnell as a plaintiff-in-reconvention would give the City a right of action; we answer “no.”
The exception pleading objection of no right of action, questioning plaintiffs standing or interest to bring suit, relates specifically to person of plaintiff; standing raises issue of whether plaintiff belongs to particular class for which law grants remedy for particular grievance or whether plaintiff has interest in judicially enforcing right asserted. See Mouton v. Department of Wildlife & Fisheries for State of Louisiana, 95-0101 (La.App. 1 Cir. 6/23/95), 657 So.2d 622. In the matter before us, we have already determined that the City does not have a right of action as the pension statute does not place the City in that class of persons |flwho can maintain a right of action against the Fund. Accordingly, notwithstanding whether Superintendent McConnell may have a right of action or cause of action against the Fund, his status does not empower him or grant him the capacity to bring an action on behalf of the City. *923 Therefore, the trial court did not err in denying the City’s motion for new trial because the addition of Superintendent McConnell could not remove the grounds for sustaining the exception of no right of action. Granting the motion for new trial would have been meaningless because the City could not remove the grounds for sustaining the exceptions of no right of action and no cause of action.

Conclusion

The City does not have standing to seek the remedies sought in its reconventional demand. Any amendment to add Superintendent McConnell to its reconventional demand cannot confer upon the City a right of action; hence, the trial court did not err granting the Fund’s exceptions and in denying the City’s motion for new trial.
Wherefore, based on the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.

. The actual named plaintiffs-in-reconvention included the City of New Orleans, Honorable Mitchell J. Landrieu, in his official capacity of Mayor of the City of New Orleans, Norman S. Foster, in his official capacity as Chief Financial Officer and Director of Finance of the City of New Orleans, Jacquelyn Brechtel Clarkson, in her official capacity as President of the New Orleans City Council, Stacy Head, in her official capacity as Vice-President of the New Orleans City Council, Susan G. Gui-dry, in her official capacity as Member of the New Orleans City Council, Diana Bajoie, in her official capacity as Member of the New Orleans City Council, Kristin Gisleson Palmer, in her official capacity as Member of the New Orleans City Council, and Cynthia Hedge-Morrell, in her official capacity as Member of the New Orleans City Council, collectively, "the City.”
The named defendants-in-reconvention included William M. Carouche, Richard J. Hampton, Nicolas G. Felton, Terrell P. Hampton, Darryl P. Klumpp, Dean DiSalvo, and Keith Noya, in their official capacities as Trustees of the New Orleans Fire Fighters *919 Pension and Relief Fund, collectively, “the Fund.”

. La. R.S. 11:3384 provides in part for the computation of retirement benefits owed to fire fighters employed after December 31, 1967.

. The City initially filed an Answer, along with Exceptions of No Cause of Action, No Right of Action and Unauthorized Use of Summary Proceedings to the mandamus action. Its exceptions were denied by the trial court; and this Court denied the City’s writ application. The Louisiana Supreme Court also denied the defendant’s writ application. See New Orleans Fire Fighters Pension and Relief Fund v. City of New Orleans, 13-0009 (La. 1/4/13), 106 So.3d 540.

.As to the merits, the trial court granted the Fund's writ of mandamus. Upon appeal, this Court affirmed, finding that 1) evidence was sufficient to support finding that $17,524,329.00 was amount that city was required to contribute to fund; 2) city’s statutorily directed normal and accrued liability contributions to city firefighter pension fund are mandatory contributions; 3) mandamus was proper procedural vehicle by which to order city’s statutorily-mandated contribution to fund; and 4) evidence of trustees’ alleged mismanagement of fund was irrelevant and thus inadmissible. See New Orleans Fire Fighters Pension and Relief Fund v. City, 13-0873 (La.App. 4 Cir. 12/18/13), 131 So.3d 412.

. Id.

. 843 S.W.2d 327 (Ky.1992).

. See La. C.C. art. 3049-("A surety who pays the creditor is entitled to reimbursement from the principal obligor.'').

. La. C.C. art. 3038.