PER CURIAM.*
| phis matter derives from a mandamus action filed by the Trustees of the New Orleans Firefighters’ Pension and Relief Fund (the “Fund”) to compel the City of New Orleans to make certain statutory contributions owed to the Fund. Named as defendants were the City of New Orleans, Mayor Mitchell Landrieu, Norman Foster, in his official capacity as Chief Financial Officer and Director of Finance of the City of New Orleans, and members of the New Orleans City Council (hereinafter referred to collectively as the “City”).
As part of its response, the City filed a reconventional demand against the Trustees, alleging they mismanaged the investments and assets of the Fund. The City requested injunctive relief to prohibit the Trustees from using certain financial consultants and sought damages for the amounts the City has been or will be called upon to pay into the Fund due to the Trustees’ alleged mismanagement. The City also requested the right to take over management of the Fund. The Fund’s answer raised peremptory exceptions of no right of action and no cause of action, challenging the City’s standing to sue.[1]
|2The trial court granted the exceptions, and the appellate court affirmed the judgment, finding the City had no right of action. New Orleans Fire Fighters Pension and Relief Fund v. City of New Orleans, 13-1684 (La.App. 4 Cir. 9/24/14), 150 So.3d 917. Judge Lobrano dissented, reasoning Foster as a plaintiff-in-reconvention and a statutorily named member of the Board of Trustees had a statutory duty to remedy any breach by another trustee of which he had knowledge and should, therefore, be allowed to amend his petition to state his cause of action. We agree.
Pursuant to La. C.C.P. art. 934, “when the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court.” In the present matter, the Fund raised the peremptory exceptions of no right or cause of action. Although the City does not have either a right or cause of action in its own capacity, we find Foster, as a named plaintiff-in-reconvention, does have both a right and cause of action in his capacity as a member of the Board of Trustees.
As Judge Lobrano explained in her dissent, Foster, in his capacity as the Director of Finance, is a statutorily named member of the Board of Trustees, which has exclusive control and management of the fund. La. R.S. 11:3362(A)(2) (providing “[t]he director of finance of the city of New Orleans” “shall be” a member of the Board of Trustees); La. R.S. ll:3363(A)(“The board of trustees shall have exclusive control and management of the fund....”). “Any person who exercis *583 es any discretionary authority or discretionary control with respect to the | .^management of systems funds or assets” is deemed to be in a fiduciary relationship with the Fund. La. R.S. 11:3363.1(A)(1).
“The basic duty of a fiduciary is to discharge his duties with respect to the system in the exclusive interest of the members and beneficiaries.” La. R.S. 11:3363.1(D). Pursuant to the prudent man standard, each fiduciary and the board of trustees acting collectively is likewise mandated “to act with the care, skill, prudence, and diligence under the circumstances prevailing that a prudent institutional investor acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.” La. R.S. 11:3370(E). And any fiduciary who has knowledge of a cofiduciary’s breach of said duties “has a duty to remedy the breach.” La. R.S. 11:3363.1(G)(2).
Accordingly, as a member of the Board of Trustees, Foster is deemed a fiduciary of the Fund and, most importantly herein, has a duty to remedy any known breach of a cofiduciary’s duty. It logically follows that in order to remedy the breach, Foster would have to bring a civil action, much like a member, beneficiary, or survivor with a personal interest in the system is permitted to do under La. R.S. 11:3363.1(H)(1).
Because the reconventional demand alleges various trustees breached their fiduciary duties to the Fund through their mismanagement, Foster, as a member of the Board and in accordance with his statutory duty of accountability, should be allowed to amend the petition independently to clearly state his cause of action in his capacity as a board member. Accordingly, we grant the writ, reverse the judgments of the lower courts, and remand this matter to the district court to allow Foster, in his capacity as member of the Board of Trustees, to remedy the defect in the petition and clearly state his independent cause of action.

 Johnson, C J., recused.

. Before considering the merits, the trial court severed the City’s reconventional demand from the petition for mandamus. Ultimately, the trial court granted the Fund's writ of mandamus, finding the evidence showed the City was required to contribute $17,524,329, and the court of appeal affirmed. New Orleans Fire Fighters Pension and Relief Fund v. City of New Orleans, 13-0873 (La.App. 4 Cir. 12/18/13), 131 So.3d 412, writ denied, 14-0142 (La.3/21/14), 135 So.3d 623, cert. denied, — U.S. —, 135 S.Ct. 148, 190 L.Ed.2d 47 (2014).